# IN THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA, CHARLESTON: DIVISION 2

DIANA OXLEY,

    Plaintiff,

vs.

GENERAL NUTRITION CORPORATION, and KIRSTIE MEADOWS,

    Defendants.

CIVIL ACTION NO. 2:12-4048

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants General Nutrition Corporation ("GNC") and Kirstie Meadows ("Meadows") (collectively, "Defendants") hereby remove this action to the United States District Court for the Southern District of West Virginia, Charleston: Division 2, pursuant to 28 U.S.C. §§ 1332 and 1441(a). The specific grounds for removal are as follows:

## STATE COURT ACTION

1. On June 27, 2012, Plaintiff Diana Oxley ("Plaintiff") filed a complaint against GNC and Meadows in the Circuit Court of Kanawha County, West Virginia. *See* Complaint at Exhibit A.

2. GNC was served with Plaintiff's summons and complaint through its registered agent on or about July 6, 2012.

3. Defendant Meadows received Plaintiff's summons and complaint on or about July 20, 2012.

4. Plaintiff's complaint alleges claims under the West Virginia Human Rights Act and a common law claim for intentional infliction of emotional distress, stemming from her termination of employment from GNC. *See* Complaint.

5. Plaintiff seeks reinstatement or alternatively front pay. She also seeks back pay, compensation for emotional distress, punitive damages, attorney fees, and equitable relief. (Compl. ¶¶ 7, 29).

## REMOVAL JURISDICTION

6. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a), 28 U.S.C. §§ 1441, 1446 and 1453, and all other applicable bases for removal. Removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

7. As set forth below, the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

8. As required by 28 U.S.C. § 1441, Defendants remove this case to the United States District Court for the Southern District of West Virginia, the District Court embracing the place where the state court action has been filed.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a).

10. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) as it is filed within 30 days of service of the summons and complaint.

11.     In accordance with 28 U.S.C. § 1446(d), GNC will give contemporaneous written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court.

## DIVERSITY JURISDICTION

12.     Pursuant to 28 U.S.C. § 1332(a), "The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between – (1) Citizens of different States…."

**I.      Complete Diversity of Citizenship of the Parties Exists.**

13.     Complete diversity of citizenship is present because Plaintiff Diana Oxley and Defendants General Nutrition Centers and Kirstie Meadows are citizens of different states.

14.     Plaintiff alleges in her complaint that she is a resident of West Virginia. (Compl. ¶ 1). Upon information and belief, Plaintiff is a citizen of the State of West Virginia, and therefore a citizen of the State of West Virginia for jurisdictional purposes.

15.     Defendant GNC is a corporation organized under the laws of Delaware and has its principal place of business at 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222. Defendant General Nutrition Centers is therefore a citizen of the States of Delaware and Pennsylvania for jurisdictional purposes, and is not a citizen of the State of West Virginia.

16.     Individual defendant Meadows resides in and is a citizen of Virginia. (Affidavit of Kirstie Meadows, ¶ 2, attached hereto as Exhibit B). Therefore, defendant Meadows is a citizen of Virginia for jurisdictional purposes, and is not a citizen of the State of West Virginia.

17.     All facts alleged herein pertaining to the citizenship of the parties are alleged to be true as of the time of the filing of the summons and complaint in state court and as of the time of the filing of this Notice of Removal.

18. Diversity jurisdiction exists over this action, as complete diversity exists between these parties and upon information and belief, the matter in controversy exceeds $75,000.

## II. The Amount in Controversy Exceeds $75,000.

19. The Complaint is silent on the monetary damages sought by plaintiff.

20. Under § 1446(c)(B), "removal of the action is proper on the basis of an amount in controversy asserted [in the notice of removal] if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(B); *see also McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001).

21. Here, plaintiff seeks reinstatement to her former position with GNC. (Compl. ¶¶ 7, 29(a)). Alternatively, plaintiff seeks front pay for the remainder of her working life. (Compl. ¶¶ 7, 29(b)). Plaintiff's pre-termination base salary was $20,684. (Meadows Aff. ¶ 5). In addition, plaintiff's earnings would increase with commissions and overtime. (Meadows Aff. ¶ 6).

22. While plaintiff does not allege what she expects the remainder of her working life to be, she was 53 at the time of her termination and the normal retirement age is 65. *See Huck v. Kone, Inc.*, No. C 10-1845, 2011 U.S. Dist. LEXIS 2081, at *11 (N.D. Cal. Jan. 5, 2011) (assuming a retirement age of 65 and finding that the plaintiff could potentially recover 13 years' worth of lost wages as a result of his termination at the age of 52). Therefore, plaintiff could potentially earn 12 years' worth of lost wages or receive an award of front pay, which based on her $20,684 base salary, would amount to no less than $$284,208. This amount alone satisfied the jurisdictional amount.

23. Moreover, plaintiff seeks damages for emotional distress, punitive damages and attorney fees. *See Sears v. Newkirk*, No. 2:09 CV 241, 2010 U.S. Dist. LEXIS 91509, at *10-11 (N.D. Ind. Sept. 2, 2010) (finding that where the plaintiff's lost earnings damages amounted to approximately $50,000, her damages for reputational harm and emotional distress would place her above the jurisdictional threshold); *Piazza v. EMPI, Inc.*, 1:07-cv-00954, 2008 U.S. Dist. LEXIS 28136, 43-44 (E.D. Cal. Feb. 28, 2008) (finding that plaintiff's damages from wages and commissions amounted only to $30,000, but that the claims met the jurisdictional amount because she sought damages for emotional distress, punitive damages, and attorney's fees in a sexual harassment case).

24. Therefore, the amount in controversy exceeds $75,000.

25. As such, both elements of diversity jurisdiction are present. Therefore, this Court has jurisdiction under 28 U.S.C. § 1332.

WHEREFORE, Defendants General Nutrition Corporation and Kirstie Meadows respectfully request that the above-captioned action pending in the Circuit Court of Kanawha County, West Virginia be removed to the United States District Court for the Southern District of West Virginia, and that said district court assume jurisdiction of the action and enter such other and further orders as may be necessary to accomplish the requested removal.

August 3, 2012                                         Respectfully submitted,

/s/Brad A. Funari
Brad A. Funari
WV Id. No. 9283
McGuireWoods LLP
625 Liberty Avenue, Suite 2300
Pittsburgh, PA 15222
(412) 667-6000
*Attorney for Defendants General Nutrition Corporation and Kirstie Meadows*

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2012, I served a true and correct copy of the foregoing Notice of Removal via first-class mail to:

>William M. Tiano, Esq.
>Tiano O'Dell, PLLC
>Post Office Box 11830
>Charleston, WV 25339

/s/Brad A. Funari

\40829547.1