IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

*FILED*

*2012 JUN 27 AM 9: 36*

*CATHY S. GATSON, CLERK*
*KANAWHA CO. CIRCUIT COURT*

DIANA OXLEY

                  Plaintiff,

v.

CIVIL ACTION NO.: 12-C-1200
Honorable Judge STUCKY

GENERAL NUTRITION CORPORATION,
a Pennsylvania corporation, and
KIRSTIE MEADOWS, an agent and employee
of General Nutrition Corporation.

                  Defendants.

## C O M P L A I N T

The plaintiff, Diana Oxley, for her Complaint states as follows:

1.      The plaintiff, Diana Oxley, is a resident of Crab Orchard, Raleigh County, West Virginia, and has resided there at all times alleged herein.

2.      The defendant, General Nutrition Corporation, ("GNC"), is a corporation organized and existing under the laws of the State of Pennsylvania and doing business in Kanawha County, West Virginia, at all times as alleged herein.

3.      The defendant, Kirstie Meadows, ("Meadows") is a citizen and resident of West Virginia serving in the capacity of the senior sales manger for GNC with her business office in West Virginia at all times as alleged herein.

### COUNT I-Breach of the WVHRA

4.      The plaintiff, Diana Oxley, realleges paragraphs 1 through 3 as though set forth fully herein, and further alleges as follows:

5.      The plaintiff was recruited by the defendant, GNC, and served in the capacity of store assistant manager at the GNC location in Beckley, West Virginia during all times as alleged herein. She performed in a satisfactory manner, particularly when compared with comparable GNC locations in West Virginia and throughout the country and had worked for the defendant during the thirty years prior to her termination.

**EXHIBIT**

**A**

6.    During this time, the defendant, Meadows, was a supervisory employee of GNC, and was the senior sales manager with oversight over GNC stores in West Virginia, including the Beckley store which the plaintiff managed.

7.    The plaintiff institutes these proceedings and invokes the jurisdiction of the Court to obtain reinstatement to her prior employment or equivalent and if there is no job available, front pay for the remainder of the plaintiff's working life back pay from the time of the plaintiff's unlawful discharge to the date of her reinstatement or the date that her front pay commences, and the value of any benefits, including compensation for past and future mental and emotional pain, suffering stress caused by the defendants, GNC and Meadows, attorney fees and costs.

8.    The defendant, Meadows, was at all times relevant hereto acting within the scope of her employment with GNC.  This defendant acted in concert with other employees of GNC in an effort to compile information which aided and abetted in the wrongful acts of the defendants.

9.    The plaintiff was terminated from her employment with GNC by Meadows and other agents and employees of GNC.  At the time of her termination, the plaintiff was a 53 year old female and, although not absent from work had suffered previous injury in the course and scope of her employment with GNC.  The plaintiff and was within the age and gender group protected by the West Virginia Human Rights Act ("WVHRA").

10.    The reasons given for the plaintiff's termination was due to a cash handling violation and falsification of company documents involving the failure to account for a check made payable to GNC in the amount of $173.75 on December 29, 2011 which had been tendered to an assistant store manager who was in charge of making the deposit on that evening. This is despite the fact that receipt of the check could be verified through GNC's computerized cash register and there was no money taken or otherwise misappropriated.

2

11.    These reasons for termination were not based on corporate policy, but were made in an effort to justify the termination of the plaintiff.

12.    As a result of the defendants' violation of the WVHRA, the plaintiff has suffered monetary and other losses including benefits and will continue to suffer such losses in the future. She may be forced to sell her home and has incurred legal fees and costs in enforcing her rights. As a direct and proximate result of the defendants' violation of the WVHRA, the plaintiff has suffered monetary and other losses, including loss of income, benefits including health insurance, and will continue to suffer such loss in the future, annoyance, inconvenience, and humiliation.

## COUNT II-Disparate Treatment in Violation of WVHRA

13.    The plaintiff, Diana Oxley, realleges paragraphs 1 through 12 as though set forth fully herein, and further alleges as follows:

14.    The plaintiff is a qualified person and is protected by the WVHRA and the regulations thereto which includes a person who is over the age of 40 and a female, who was making a high salary and had been working for the defendants for many years.

15.    The defendants terminated the plaintiff for violation of a company policy for a cash handling violation and falsification of company documents. However, these proffered reasons were not true reasons, but a pretext for discrimination.

16.    As a result of defendants' disparate treatment in violation of the WVHRA, the plaintiff suffered monetary and other losses including loss of benefits, and will continue to suffer such losses into the future. As a result of the defendants' disparate treatment and violation of the WVHRA, the plaintiff may lose her home, has incurred substantial debt, and has been forced to incur legal fees and costs in enforcing her rights.

## COUNT III-Reprisal in Violation of the WVHRA

17.    The plaintiff, Diana Oxley, realleges paragraphs 1 through 16 as though set forth fully herein, and further alleges as follows:

3

18.    By engaging in the aforementioned conduct, the defendants, GNC and Meadows, have committed unlawful reprisal in violation of *W.Va. Code* §5-11-9(7)(A) of the WVHRA.

19.    As a result of such reprisal and violation of the WVHRA, the plaintiff has suffered and will continue to suffer mental and emotional pain and suffering, distress, humiliation, embarrassment and anguish. As a result of defendants' reprisal in violation of the WVHRA, the plaintiff suffered monetary and other losses including loss of benefits, and will continue to suffer such losses into the future. As a result of the defendants' reprisal in violation of the WVHRA, the plaintiff may be forced to sell her home, has incurred additional debt, and the plaintiff has been forced to incur legal fees and costs in enforcing her rights.

## COUNT IV-Aiding and Abetting in Violation of WVHRA

20.    The plaintiff, Diana Oxley, realleges paragraphs 1 through 19 as though set forth fully herein, and further alleges as follows:

21.    By engaging in the aforementioned conduct, defendant, Meadows, aided and abetted the defendant, GNC, in unlawful discriminatory practice in violation of *W.Va. Code* §5-11-9(7)(A) of the WVHRA.

22.    As a result of the defendant's aiding and abetting in violation of the WVHRA, the plaintiff has suffered and will continue to suffer mental and emotional pain and suffering, humiliation, distress, embarrassment and anguish, and suffered monetary and other losses including loss of benefits, and will continue to suffer such losses into the future. As a result of the defendants' aiding and abetting in violation of the WVHRA, the plaintiff may lose sell her home, has incurred additional debt, and has been forced to incur legal fees and costs in enforcing her rights.

## COUNT V-Intentional Infliction of Emotional Distress

23.    The plaintiff, Diana Oxley, realleges paragraphs 1 through 22 as though set forth fully herein, and further alleges as follows:

4

24.     Defendants' conduct was so extreme and outrageous as to exceed the bounds of decency.

25.     Defendants acted with intent to inflict emotional distress or acted recklessly when it was certain or substantially certain emotional distress would result from their conduct.

26.     Defendants caused or contributed to the intentional or reckless infliction of emotional distress upon plaintiff in such conduct as attributable to the employer pursuant to *Travis v. Alcon Laboratories*, 504 S.E. 2d 419 (W.Va. 1998). As a direct and proximate result of the defendants' intentional decision to cause emotional harm or reckless disregard for the fact that their actions would cause such harm, the plaintiff suffered mental, emotional pain and suffering, anguish, humiliation, embarrassment and distress, and all damages allowable under West Virginia law.

### COUNT VI-Punitive Damages

27.     The plaintiff, Diana Oxley, realleges paragraphs 1 through 26 as though set forth fully herein, and further alleges as follows:

28.     As a result of the defendants' willful, wanton, reckless and intentional acts, the plaintiff is entitled to punitive damages and hereby requests the same.

### REQUEST FOR RELIEF

29.     The plaintiff, Diana Oxley, realleges paragraphs 1 through 28 as though set forth fully herein, and further alleges as follows:

Wherefore, in consideration of the defendants, GNC and Kirstie Meadows, jointly and severally, in violation of the plaintiff's statutory and common law rights, the plaintiff requests relief as follows:

a.     Reinstatement to her former position or equivalent;

b.     Alternatively, if there is no job available, front pay for the remainder of plaintiff's working life;

5

c.  Back pay from the time of the plaintiff's unlawful discharge to the date of her reinstatement or the date as her front pay commences, including the value of any benefits;

d.  Compensation for the past and future mental and emotional pain, suffering and distress caused by the defendants;

e.  Reasonable attorney fees and costs;

f.  Prejudgment interest as allowable by law;

g.  All equitable relief that plaintiff is permitted to recover under the statutory and common law theories as alleged herein;

h.  Punitive damages for the defendants' willful, repressive, wanton, malice or reckless conduct in such amount as the jury finds appropriate under the facts which are set forth by the West Virginia Supreme Court in *Garnes v. Fleming Landfill, Inc.*; and,

i.  Any and all further relief as this Court deems proper.

**THE PLAINTIFF FURTHER DEMANDS A TRIAL BY JURY.**

**DIANA OXLEY,**

**By Counsel**

William M. Tiano, Esquire #4308
TIANO O'DELL, PLLC
Post Office Box 11830
Charleston, WV 25339
(304)720-6700

6